STATE of Wisconsin EX REL. James C. GUNSOLUS, Petitioner-Appellant,

v.

Warren YOUNG and DH&SS et al., Respondents.†

Court of Appeals

*No. 86–2051. Submitted on briefs May 6, 1987.—Decided July 16, 1987.*

(Also reported in 412 N.W.2d 145.)

† Petition to review denied.

For the petitioner-appellant the cause was sub-
mitted on the briefs of *James C. Gunsolus,* pro se, of
Waupun.

For the respondents the cause was submitted on
the brief of *Frank D. Remington* and *Lee, Johnson,
Kilkelly & Nichol, S.C.* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J.    James Gunsolus appeals from an order
affirming a decision of a prison disciplinary commit-
tee. The committee found Gunsolus guilty of violating
various rules of the institution. He claims that the
committee denied him due process when it refused to
allow him to call a witness in his behalf at the
hearing. We reject the argument and affirm.

The basic facts are undisputed. Gunsolus was
charged with three conduct violations: (1) disrespect
(Wis. Adm. Code, sec. HSS 303.25); (2) lying (Wis. Adm.
Code, sec. HSS 303.27); and (3) damage or alteration of
property (Wis. Adm. Code, sec. HSS 303.35). The
charges stemmed from a prison officer's allegations
that, during an inspection tour, he noticed that the
"Unit Living Guidelines" notice posted in Gunsolus's

room had been defaced. Pursuant to prison rules, the officer filled out a conduct report and submitted it to the security director, who classified the three charges together as a "minor" infraction. A hearing examiner conducted an informal hearing in accordance with Wis. Adm. Code, sec. HSS 303.75, and found Gunsolus guilty on all three charges. As punishment, he suffered two days' loss of recreational privileges. Gunsolus appealed the decision to the prison superintendent, who affirmed the examiner's determination on June 25, 1985.

Several months later, Gunsolus sought certiorari review in circuit court. He argued (1) that he was denied the opportunity to present the testimony of his roommate, Leonard Fredlund, at the hearing, and (2) that there was insufficient evidence of his guilt. The circuit court rejected the first argument on grounds that the offenses charged were classified as "minor" violations and that, by prison rule, no witnesses may be called at minor violation hearings. On the second issue, the court ruled that the hearing examiner's decision did not contain an adequate statement of reasons for finding Gunsolus guilty, and remanded to the examiner "for the sole purpose of supplementing the record with a statement of his reasons for his decision and the evidence he relied on ...." The examiner did so, and the circuit court affirmed the finding of guilt.

While Gunsolus argues on appeal that he was impermissibly denied the right to call witnesses at his disciplinary hearing, there is nothing in the record to indicate that he made any such request to the examiner. Indeed, the evidence he claims should have been considered—Fredlund's affidavit stating that it was he, not Gunsolus, who defaced the notice—was

not obtained until August 14, 1985, nearly two months after the examiner's decision had been affirmed by the prison superintendent.

Even if we were to assume that, as he argued in his appeal to the superintendent, Gunsolus told the hearing examiner that his cellmate would offer exculpatory testimony, it would be of no avail to him because he is not entitled to offer testimony at a minor offense hearing. Under prison rules, minor offenses are heard informally. Wisconsin Adm. Code, sec. HSS 303.75(4)' provides as follows:

> At the hearing, a hearing officer shall review the conduct report and discuss it with the inmate. The inmate shall be provided with an opportunity to respond to the report and make a statement about the alleged violation. The hearing officer may question the inmate. *The inmate has no right to a staff advocate, to confront witnesses or to have witnesses testify on his or her behalf.* If an inmate refuses to attend a hearing, the hearing may be conducted without the inmate being present. [Emphasis added.]

We see no distinction between calling a witness personally or offering the desired testimony by affidavit or transcribed deposition. One of the goals of the disciplinary procedure set forth in Wis. Adm. Code, sec. HSS 303, is to strike a balance between speedy determination of guilt or innocence and fairness to the inmates involved. Note, sec. HSS 303.64. Were we to sanction the submission of depositions in lieu of live witnesses, we would be defeating the purpose of the rules. The due process and other protections required where an inmate faces a loss of good time or other

major penalties are not applicable to lesser infractions such as those at issue here. *Wolff v. McDonnell,* 418 U.S. 539, 571–72 n. 19 (1974). Inmates' rights in minor disciplinary matters are set forth in the administrative rules, and we will not enlarge upon them.

Gunsolus argues that, despite all this, Fredlund's affidavit should have been considered somewhere in the appeal process. We have noted that Gunsolus had no right to offer testimony at the prison hearing. As for the courts, certiorari review is strictly limited to the record made before the administrative agency, *State ex rel. Irby v. Israel,* 95 Wis. 2d 697, 703, 291 N.W.2d 643, 646 (Ct. App. 1980), and the affidavit was not part of that record. Indeed, under Wis. Adm. Code, sec. HSS 303.75(4), it could not have been.

Gunsolus simply has not persuaded us that the prison authorities acted contrary to law or reached an unreasonable result in their consideration of the charges. We affirm the order.

*By the Court.*—Order affirmed.